UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

ROBERTO ANTONIO MENDOZA,

        Petitioner,

vs.

S. FRAUENHEIM,

        Respondent.

No. C 14-3446 NJV (PR)

**ORDER FOR PETITIONER TO SHOW CAUSE**

Petitioner, a state prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 5.) Petitioner was convicted in Contra Costa County, which is in this district, therefore venue is proper here. *See* 28 U.S.C. § 2241(d). Petitioner paid the filing fee.

## BACKGROUND

A jury convicted petitioner of several counts of sexual acts with a child. He was sentenced to 104 year to life in prison.

## DISCUSSION

**A.   Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules

Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.    Legal Claims**

The California Court of Appeal affirmed the judgment and denied a habeas petition on August 22, 2013. *People v. Mendoza*, 2013 WL 4509974 (Cal. App. 1 Dist., 2013). Petitioner has filed a request for a stay and he states he is exhausting state remedies as his appellate attorney failed to file a petition for review in the California Supreme Court and he states a petition is pending. Court records indicate that a petition in case S219852 was filed on July 10, 2014, with the California Supreme Court.

Before he may challenge either the fact or length of his confinement in a habeas petition in this court, petitioner must present to the California Supreme Court any claims he wishes to raise in this court. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982) (holding every claim raised in federal habeas petition must be exhausted). The general rule is that a federal district court must dismiss a federal habeas petition containing any claim as to which state remedies have not been exhausted. *Id.*

A fully unexhausted federal habeas petition may not be stayed and must be dismissed. *See, e.g., Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that a fully unexhausted petition may not be stayed and observing: "Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust."); *Jones v. McDaniel*, 320 Fed. Appx. 784, 786 (9th Cir.2009) (affirming the dismissal of a fully unexhausted petition and denial of a stay, because a "*Rhines* stay is only available for a mixed habeas petition where at least some of the claims have been exhausted, and none of [petitioner's] claims were exhausted"). It appears that

2

petitioner has presented a fully unexhausted petition. If this is correct, the petition must be dismissed without prejudice and may be re-filed once the claims have been exhausted. However, petitioner will be provided an opportunity to demonstrate that some of the claims have already been exhausted.

## CONCLUSION

Petitioner shall show cause within **fourteen (14) days** of the date of service of this order why this petition should not be dismissed without prejudice as unexhausted. Failure to file a response within the designated time will result in the dismissal of this action.

**IT IS SO ORDERED.**

Dated: August 20, 2014.

NANDOR J. VADAS
United States Magistrate Judge

G:\PRO-SE\NJV\HC.14\Mendoza3446.osc-p.wpd

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| ROBERTO ANTONIO MENDOZA,<br><br>　　　　Petitioner,<br><br>v.<br><br>S. FRAUENHEIM,<br><br>　　　　Respondent. _____/ | No.1:14-CV-3446 NJV<br><br>**CERTIFICATE OF SERVICE** |

　　　I, the undersigned, hereby certify that on August 20, 2014, I served a true and correct copy of the attached by placing said copy in a postage paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail.

Roberto Antonio Mendoza
CDCR # AH-2211
Pleasant Valley State Prison
A3-215
P.O. Box 8500
Coalinga, CA 93210

　　　　　　　　　　　　　　　　　　/s/   *Linn Van Meter*
　　　　　　　　　　　　　　　　　　Linn Van Meter
　　　　　　　　　　　　　　　　Administrative Law Clerk to the
　　　　　　　　　　　　　　　　Honorable Nandor J. Vadas